UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. RANNELS,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH C. TWISSELMAN, II, et al.,<br><br>Defendants. | Case No. 1:26-cv-00967-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED, WITH PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Daniel W. Rannels is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1). Plaintiff filed his initial complaint on February 4, 2026, alleging that 18 defendants from the Mojave Municipal Court or Kern County Superior Court, along with defense attorneys, prosecutors, and deputies and detectives from the Kern County Sheriff's Office, participated in state court hearings that led to his incarceration or forfeiture of property and therefore violated Plaintiff's due process rights and subjected him to cruel and unusual punishment.

On March 30, 2026, the Court screened the complaint and concluded that Plaintiff

---

[1] Plaintiff does not state in his amended complaint that he was a pretrial detainee during the events at issue, but his allegations center on his state court criminal proceedings, which indicate that he was a pretrial detainee at the time.

1

failed to state any cognizable claims because his complaint did not set forth a short and plain statement of the claim under Rule 8, defendants who are judges and prosecutors have absolute immunity from Plaintiff's claims, and defendants who are defense attorney defendants were not acting under color of state law. (ECF No. 11 at 6-9). The Court also concluded that Plaintiff's claims were subject to dismissal to the extent they sought to overturn state court rulings under the *Rooker-Feldman* doctrine and to the extent that Plaintiff was challenging the evidence used to support his criminal conviction, implying it was invalid, under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court advised Plaintiff of the applicable legal standards and gave him thirty days to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (ECF No. 11 at 12). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

On May 7, 2026, Plaintiff filed his amended complaint. (ECF No. 12).  Upon review, the Court will recommend that Plaintiff's amended complaint be dismissed, with prejudice and without further leave to amend, for failure to state a claim.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    ALLEGATIONS IN THE AMENDED COMPLAINT[2]

Plaintiff is an inmate currently housed at the California State Prison in Lancaster, California. (ECF No. 12 at 1). As described above, it appears from his amended complaint that he was a pretrial detainee at the time of the events giving rise to this action. Plaintiff re-asserts claims from his initial complaint against the following defendants:

- Judge Kenneth C. Twisselman, II from the Kern County Superior Court;

- District Attorneys Christopher R. Puck and Brandon Stallings (collectively "Prosecutor Defendants");

- Defense attorney Arturo J. Revelo; and

- Roger Walden.

(*Id.* at 1-5). Plaintiff added Cynthia Barnes, Plaintiff's appellate attorney, as a defendant. (*Id.*).

In his amended complaint, Plaintiff alleges the following:

Judge Kenneth C. Twisselman II violated my due process right clause by not protecting my rights, by not informing me that my (GSA-FAR bonds), would be endorsed and sold; DA Christopher R. Puck did the exact same as Mr. Twisselman II. DA Brandon Stallings aided and abetted the due process violation when he sat as the district attorney at the resentencing of credits hearing, defense attorney Revelo violated my due process right clause by not protecting or informing me of my rights and allowing me to be wrongfully convicted purposely. Appellate attorney Cynthia L. Barnes aided and abetted my due process right violation by not protecting and defending my U.S. constitutional rights, federal and state, by not raising the issues thereof purposely that led to my unconstitutionally unlawful/ illegal conviction, which is the causing factor of my being the victim of forgery/fraud/identity theft, when my financial instruments bonds (GSA-FAR 24, 24a, 25) were endorsed and sold.

These claims are not challenging of the criminal conviction although they are the claims stating the cognizable claims due to the U.S. constitutional, federal and state violations/civil violations that caused the Plaintiff unrepairable and irreconcilable injuries.

Judge Kenneith C. Twisselman II and District Attorney Christopher R. Puck signed endorsing my financial instrument documents and sold them for personal gain thus violating their oath of office as well as violating the U.S. Constitution / federal and state constitution and also my civil right clause, stating a cognizable

---

[2] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

> claim / causing factors to injuries occurred, loss of liberty, loss of life/lives, loss of freedom, loss of financial benefits – loss of right to pursue happiness.

(*Id.* at 4-5). While Plaintiff at time asserts that he is not challenging his criminal conviction, elsewhere he states that he wants the Court to "[e]xonerate and expunge the conviction and record/compensation of financial benefits in the amount of $460,000,000…." (*Id.* at 3).

### III.     ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor

knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Immunity

As an initial matter, Plaintiff's amended complaint is subject to dismissal because the defendants are immune from civil claims for damages based on their role in court proceedings.

#### 1. Judicial and Prosecutor Defendants

Judge Twisselman and Prosecutor Defendants are immune from civil claims arising from their role in court proceedings. The Ninth Circuit explained such immunity as follows:

> Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities. *Stump v. Sparkman,* 435 U.S. 349, 364, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (holding that state circuit judge is immune from suit for all actions within his jurisdiction); *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that state prosecutor had absolute immunity for initiation and pursuit of criminal prosecutions, including presentation of case at trial). This immunity reflects the long-standing "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L.Ed. 646 (1871).
>
> Recognizing these considerations, courts have extended the protections of absolute immunity to qualifying state officials sued under 42 U.S.C. § 1983. *Miller v. Gammie,* 335 F.3d 889, 895-96 (9th Cir.2003) (explaining that though § 1983 does not include a defense of immunity, "the Supreme Court has recognized that when Congress enacted § 1983, it was aware of a well-established and well-understood common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process"

(citing *Forrester v. White,* 484 U.S. 219, 225–26 (1988) (superseded by statute))); *Buckley v. Fitzsimmons,* 509 U.S. 259, 268–69, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Indeed, judicial immunity from § 1983 suits is "viewed as necessary to protect the judicial process." *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Likewise, the protections of absolute immunity accorded prosecutors reflect the "'concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Id.* (quoting *Imbler,* 424 U.S. at 423, 96 S.Ct. 984).

*Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922-923 (9th Cir. 2004); *see also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities intimately associated with the judicial phase of the criminal process.") (citation and internal quotation marks omitted).

Plaintiff's amended complaint generally alleges that Judge Twisselman and Prosecutor Defendants have taken actions in their capacities as a judge and prosecutors to harm Plaintiff in his state court criminal case, such as taking Plaintiff's financial instrument after his conviction. As such, Judge Twisselman and Prosecutor Defendants are entitled to absolute immunity from such claims. *Stump,* 435 U.S. at 364; *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("Where a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies.").

### 2. Defense Attorney Revelo and Appellate Attorney Barnes

Plaintiff's civil rights claims against Defense Attorney Revelo and Appellate Attorney Barnes are also subject to dismissal.

To state a civil rights claim under section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defense attorneys do not act under color of state law when they perform "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Likewise, an appellate attorney acting on

6

behalf of an individual client does not act under color of state law. *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (In regard to section 1983, "an attorney, whether retained or appointed, does not act 'under color of' state law").

Plaintiff identifies Arturo J. Revelo as his defense attorney and criticizes his performance in that role. Likewise, Plaintiff identifies Cynthia L. Barnes as his appellate attorney challenging his criminal conviction and objects to her performance as an attorney acting on his behalf. However, Plaintiff cannot assert a claim under § 1983 against the Defense Attorney Revelo or Appellate Attorney Barnes because they were not acting under the color of state law.

### C.  *Rooker-Feldman* Doctrine

Plaintiff's claims are also subject to dismissal to the extent they seek to overturn state court rulings.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions and reverse those decisions. The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

Here, while Plaintiff states in one section of the amended complaint that he is not seeking to challenge his criminal conviction, in another section, he explicitly states that he wants this Court to exonerate and expunge his conviction and award him monetary compensation. Under the *Rooker-Feldman* doctrine, this Court lacks authority to review and reverse the state court's decision. To the extent Plaintiff seeks to have the state court decision

reversed, he must do so by filing a timely appeal from that decision in a state appellate court.

### D. *Heck v. Humphrey*

Plaintiff's claims are also subject to dismissal to the extent they seek damages based on claims that would necessarily imply the invalidity of his conviction.

In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot use §1983 to seek damages attributable to his allegedly unconstitutional conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court reasoned that such a suit in truth mounts a "collateral attack" on the validity of the conviction and thus intrudes on the habeas statute's domain. *Id.* at 485. Hence the so-called *Heck* bar on "§1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id*. at 486. "[W]hen a state prisoner seeks damages in a §1983 suit," the Court went on, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

Under the favorable termination rule, to recover damages in a § 1983 action for an alleged constitutional violation that would necessarily imply that a criminal conviction or sentence is invalid, a plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. If the criminal conviction or sentence has not been reversed, expunged, or otherwise invalidated, claims that would necessarily imply the invalidity of the criminal conviction or sentence must be brought in a petition for writ of habeas corpus rather than through a § 1983 case. *See id; Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

Plaintiff's first amended complaint asserts due process violations in the state court proceedings that, he claims, led to his "unconstitutionally unlawful / illegal conviction." (*Id.* at 4). To the extent Plaintiff is challenging evidence or events that supported his criminal conviction, Plaintiff's due process claim is subject to the Heck bar because success on that claim would necessarily imply that Plaintiff's conviction was invalid.

### E. Defendant Roger Walden

In his initial complaint, Plaintiff named Roger J. Walden as a defendant and identified him as a deputy with the Kern County Sheriff's Department. (ECF No. 1 at 19). Here, in the

caption of his amended complaint, Plaintiff again named Roger Walden. (ECF No. 12 at 1). However, Plaintiff does not state any allegations against Walden in the body of his amended complaint.

Plaintiff fails to demonstrate how Walden personally participated in the deprivation of his rights or demonstrate an actual connection or link between Walden and any alleged deprivation experienced by Plaintiff. *Iqbal*, 556 U.S. at 676-77; *Monell*, 436 U.S. at 695. Therefore, Plaintiff fails to state a cognizable claim against Defendant Walden.

## IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends dismissing Plaintiff's first amended complaint with prejudice.

While Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should freely be given when justice so requires, a court "may decline to grant such leave where there is "any *apparent or declared reason*" for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (quoting *Foman v. Davis*, 371 U.S. 178 (1962) (emphasis added in original).

While Plaintiff has added Defendant Barnes, Plaintiff's factual allegations remain materially the same from his initial complaint. The Court previously considered Plaintiff's allegations, provided him with applicable legal standards, and gave him leave to amend. Based on these circumstances, the Court concludes that further leave to amend is unwarranted.

Based on the foregoing, IT IS RECOMMENDED as follows:

1.  This action be dismissed, with prejudice and without further leave to amend, for failure to state a claim.

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file

written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2026**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

10